Martin, J.
delivered the opinion of the court.
The defendant is appellant from a judgment by which the plaintiff has recovered the penalty of one thousand dollars, for the breach of a contract, for the purchase of a plantation from the latter. The appellee has prayed the *208 [340] amendment of the judgment, so far as it disallows his claim under the contract, to a yearly sum of five hundred dollars or ten per cent, on the price of the plantation for its occupation and use.
The dismissal of the appeal has been prayed for on several grounds, neither of which we have considered, because the conclusion at which we have arrived on the merits, is more favorable to the appellee than the dismissal of the appeal.
1. The counsel for the appellant has contended, that the term allowed by the contract had not elapsed when the plaintiff attempted to put the defendant in mora.
2. The proceedings resorted to by the plaintiff before the notary, were informal and insufficient to put the defendant in mora ;• admitting the term had elapsed.
3. The penal obligation now sought to be enforced and on which the judgment was rendered, is grossly usurious.
I. By the contract the defendant bound himself to purchase the plantation of the plaintiff for the sum of five thousand dollars, to be discharged in case the plaintiff obtained from the Union Bank a loan of money on a mortgage of the premises, by the defendant taking his place as debtor of the bank. The loan was obtained and the defendant, in our opinion, became thereby bound to relieve the plaintiff from his responsibility to the bank, as soon as he was informed that the loan had been granted, and requested to take the plaintiff’s place. It is true that in the event of the plaintiff’s failing to take the loan, the defendant had one year within which he should pay the price. His counsel has contended that this delay of a year, extended to the first hypothesis. It does not appear to us that the district court erred in coming to a different conclusion.
II. The law provides that one party to a contract may be put in mora, by the other in several ways: 1. By a suit. 2. By a demand in writing. 3. By a protest. 4. Verbally in the presence of two witnesses. The plaintiff in this case seems to have resorted to the second mode of putting his adversary [341] in mora, to wit, by writing. He was not bound to give the written notice in person, and he employed as his agent for this purpose the notary in whose office the act of sale was intended to be passed. The defendant did not object to this mode of notice, but replied, “that he would attend on the day mentioned.” The written notice given by the notary was not an official act but had to be proved by witnesses and was so proved. The defendant was therefore properly put in mora, by a demand in writing; being one of the modes pointed out by law. La. Oode, art. 1905, Ho. 2.
III. There was no usury in the contract. The defendant was put in immediate possession of the premises and engaged to pay a yearly sum for the use and occupation of the plantation. This payment was independent of the price or consideration of the sale, and of any damage or penalty to which he might become liable on his neglect and refusal to comply with any other terms of the contract; and would have been demandable, even if both parties had afterwards agreed not to carry the sale into effect. It was part of the penalty stipulated.
*209 In asking to have the judgment amended by allowing him the yearly rent, or sum stipulated for the use and occupation of the land, the appellee’s counsel has expressed his doubt of our ability to accede to his request “ inasmuch as the case was tried by a juryP
The party who is dissatisfied with the verdict of a jury, has, by an' express provision of the' Code of Practice, an opportunity of obtaining relief by a motion for a new trial within three days after the verdict is given, and judgment rendered thereon. Code of Practice, art. 558. This, however, being introduced for the exclusive benefit of 'the party aggrieved, he is perfectly at liberty to waive it; and he cannot complain if he is considered as having waived it, when he neglects to avail himself of it within the time or period fixed by law.
In this case the plaintiff not only declined the means of obtaining below, what he claims now at our hands; but by opposing the defendant’s attempt to obtain a new trial he deprived himself of the means of obtaining [342] the relief which he seeks. What we have just said will not, we hope, he extended to the omission to ask a new trial in a case not tried by a jury. The party who is dissatisfied with the decision of the court may well imagine that it is not worth his while to attempt to convince the judge of his error, when he has no new arguments to offer.
When a verdict is set aside the case must necessarily he submitted to a new jury, in which none of the first jury can he placed: Besides, there are various reasons that will induce this court to refrain from opposing the verdict of the jury, which have no force when applied to the decisión .of the court. The members of this court cheerfully disown individual superiority of any kind over the gentlemen presiding in the other courts; «hut this tribunal has, from its numbers and situation, a considerable advantage over the inferior courts of the State to examine and decide on eases brought before it on appeal.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.